UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOSE YUNGA and
PEDRO SANTOS,                                            Case No.

                              Plaintiffs,

          -vs-                                      **COMPLAINT**

TRIBECA PEDIATRICS, PLLC, and
MICHEL COHEN a/k/a MICHAEL COHEN

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

          Plaintiffs, JOSE YUNGA and PEDRO SANTOS, by and through their attorneys, ROSS &

ASMAR LLC, complaining of the Defendants, hereby allege as follows:

                              <u>**THE PARTIES**</u>

          1.      Plaintiff JOSE YUNGA, (hereinafter "Yunga") is an individual residing in Yonkers,

New York.

          2.      Plaintiff PEDRO SANTOS, (hereinafter "Santos") is an individual residing in

Brooklyn, New York.

          3.      Upon information and belief, Defendant TRIBECA PEDIATRICS, PLLC ("Tribeca")

was and is a domestic corporation whose principal place of business is located at 11 Park Place,

Suite 1200, New York, New York.

          4.      Upon information and belief, Defendant MICHEL COHEN a/k/a MICAHEL

COHEN is an individual, whose actual place of business is located at 11 Park Place, Suite 1200,

New York, New York 10013.

          5.      Upon information and belief, at all times herein pertinent, Defendant MICHEL

COHEN a/k/a MICHAEL COHEN (hereinafter "Cohen"), served as a principal, officer and/or

manager of Defendant Tribeca.

                                          1

6.      Upon information and belief, at all times herein pertinent, Defendant Cohen was and is an owner and a member of Tribeca.

7.      Upon information and belief, for the calendar year 2012 the gross receipts of Tribeca were greater than $500,000.00.

8.      Upon information and belief, for the calendar year 2013 the gross receipts of Tribeca were greater than $500,000.00.

9.      Upon information and belief, for the calendar year 2014 the gross receipts of Tribeca were greater than $500,000.00.

10.     Upon information and belief, for the calendar year 2015 the gross receipts of Tribeca were be greater than $500,000.00.

11.     Upon information and belief, for the calendar year 2016 the gross receipts of Tribeca were be greater than $500,000.00

12.     Upon information and belief, for the calendar year 2017 the gross receipts of Tribeca were be greater than $500,000.00

13.     Upon information and belief, for the calendar year 2018 the gross receipts of Tribeca will be greater than $500,000.00

## JURISDICTION AND VENUE

14.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

15.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

16.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. § 203.

17.     At all times herein pertinent, and in the course of their duties, both Plaintiffs regularly handled products which had been moved in commerce.

18.     Tribeca operates several pediatric medical facilities.

19.     Plaintiff Lopez was employed by the Defendants from 2010 to on or about May 2018.

20.     Plaintiff Yunga was assigned various duties including but not limited to construction and and repair at the various facilities owned and operated by Tribeca.

21.     Plaintiff Yunga worked a minimum of 60 hours per week.

22.     Plaintiff Yunga was compensated at $23 per hour.

23.     Plaintiff Yunga regularly worked for the Defendants in excess of forty (40) hours a week but did not receive an overtime premium of one and one half times his regular rate of pay for those hours

24.     Plaintiff Santos was employed by the Defendants from 2010 to on or about May 2018.

25.     Plaintiff Santos was assigned various duties including but not limited to construction and and repair at the various facilities owned and operated by Tribeca.

26.     Plaintiff Santos worked at a minimum 60 hours per week.

27.     Plaintiff Santos was compensated at $25.00 per hour.

28.     Plaintiff Santos regularly worked for the Defendants in excess of forty (40) hours a week but did not receive an overtime premium of one and one half times his regular rate of pay for those hours.

29.     Defendant Cohen had the power to hire employees.

30.     Defendant Cohen controlled the terms of Plaintiffs employment in that he would tell them what tasks to complete and on what time frame they needed to be completed.

31.     Defendant Cohen controlled the work schedule of all of the employees of Tribeca, including the Plaintiffs' work schedules.

32.     The Defendant Cohen controlled the rates and methods of payment of each of the employees of Tribeca, including the Plaintiffs' pay rates and methods of pay.

33.     At all times herein pertinent, the Plaintiffs performed their duties for Defendant Tribeca at the direction and under the control of Defendant Cohen.

34.     Upon information and belief, and at all times herein pertinent, Defendant Cohen exercised close control over the managerial operations of Tribeca including the policies and practices concerning employees.

35.     At all times herein pertinent, Defendant Cohen controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Tribeca in general, and with respect to the Plaintiffs in particular.

36.     Defendant Cohen was a principal, officer and/or manager of Tribeca.

37.     At all times herein pertinent, Defendant Cohen acted as Plaintiffs' employer within the meaning of the FLSA and the New York State Labor Law.

*AS AND FOR A FIRST CAUSE OF ACTION*
*FEDERAL FAIR LABOR STANDARDS ACT*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(OVERTIME)*

38.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the

same force and effect as if fully set forth at length.

39.     All of the foregoing constituted willful and repeated violations of the Fair Labor

Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

40.     The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to

pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rates of

pay.

41.     Plaintiffs have been damaged in an amount to be determined at trial.

*AS AND FOR A SECOND CAUSE OF ACTION*
*STATE WAGE AND HOUR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
(OVERTIME)

42.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the

same force and effect as if fully set forth at length.

43.     The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the

New York State Labor Law and 12 NYCRR § 142-2.2 by failing to pay Plaintiffs overtime pay

at the premium rate of one and one half times Plaintiffs' regular rate of pay.

44.     Plaintiffs have been damaged in an amount to be determined at trial.

*AS AND FOR A THIRD CAUSE OF ACTION*
*NEW YORK STATE LABOR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
(FAILURE TO PROVIDE WAGE NOTICE)

45.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the

same force and effect as if fully set forth at length.

46. Defendants failed to provide wage notices and accurate wage statements to

Plaintiffs as required by NYLL § 195.

47. Plaintiffs have been damaged in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs pray for judgment as against each of the Defendants,

and each of them, as follows:

(a) directing defendants to pay overtime premium pay to the Plaintiffs;
(b) directing defendants to provide the required wage notices;
(c) awarding Plaintiffs damages for the amount of unpaid wages,
    including overtime premiums under the FLSA and/or NYLL
(d) awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b)
    and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a),
    663(1);
(e) declaring defendants' conduct complained of herein to be in violation
    of the plaintiffs' rights as secured by the NYLL;
(f) awarding plaintiffs pre-judgment interest;
(g) awarding the costs and disbursements of this action, along with reasonable
    attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's
    Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);
(h) awarding injunctive and any other relief this Court deems just, proper and equitable.

Dated: New York, New York
       June 8, 2018

Respectfully submitted,

_____
By: Steven B. Ross, Esq. (SR 5059)
steven@rossasmar.com
Eric Dawson, Esq. (ED 0610)
edawson@rossasmar.com
Ross & Asmar LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202