Todd Krakower, Esq. (TK-4568)
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-6333
Fax: 347-765-1600

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE YUNGA and PEDRO SANTOS,<br><br>　　　　　Plaintiffs,<br><br>-against-<br><br>TRIBECA PEDIATRICS, PLLC, and MICHEL COHEN a/k/a MICHAEL COHEN,<br><br>　　　　　Defendants. | Civil Action No. 18 Civ. 05258(JPO)<br><br>**DEFENDANT TRIBECA PEDIATRICS, PLLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Tribeca Pediatrics, PLLC (referred to herein as "Tribeca Pediatrics" or "Defendant"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative Defenses in response to the Complaint of Jose Yunga (referred to herein as "Yunga") and Pedro Santos (referred to herein as "Santos") (collectively, "Plaintiffs") in connection with the above-captioned case. Defendant denies the allegations in Plaintiffs' Complaint not expressly admitted herein.

## ANSWERING THE PARTIES

1.　Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint.

2.	Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3.	Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.	Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.	Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.	Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.	Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.	Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.	Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.	Defendant admits the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.	Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.	Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

## ANSWERING JURISDICTION AND VENUE

14. Paragraph 14 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.

15. Paragraph 15 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the allegations in contained in Paragraph 15 of Plaintiffs' Complaint.

## ANSWERING FACTUAL ALLEGATIONS

16. Paragraph 16 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.

17. Paragraph 17 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.

18. Paragraph 18 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. Paragraph 29 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint, except admits Defendant Cohen is a member of Tribeca.

37. Defendant denies the allegation contained in Paragraph 37 of Plaintiffs' Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

38. Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 37 of Plaintiffs' Complaint.

39. Paragraph 39 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Paragraph 40 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

42. Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 41 of Plaintiffs' Complaint.

43. Paragraph 43 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

45. Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 44 of Plaintiffs' Complaint.

46. Paragraph 46 of Plaintiffs' Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48. Defendant denies that Plaintiffs are entitled to any of the relief demanded in the WHEREFORE clause of Plaintiffs' Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES

Defendant asserts the following defenses and affirmative defenses without assuming any burden of proof Defendant does not have as a matter of law:

**FIRST AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant asserts that, at all relevant times, Tribeca Pediatrics was not Plaintiffs' "employer" within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

**THIRD AFFIRMATIVE DEFENSE**

Defendant is not a proper party in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are time-barred and outside the statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

At no point relevant hereto, did Defendant "suffer or permit" Plaintiffs to perform any compensable services for which they are entitled to additional compensation under the FLSA and/or NYLL, beyond that which has already been paid to Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

At no point relevant hereto, did Plaintiffs work any hour for which they were not compensated in accordance with that which is required by the FLSA and/or NYLL.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under the FLSA must be dismissed, in whole or in part, pursuant to Section 10 of the Portal-to-Portal Act, because all of Defendant's challenged actions and/or omissions were taken in good faith, and in conformity with and in reliance on any written

administrative regulation, order, ruling, approval or interpretation of the Wage and Hour Division of the U.S. Department of Labor, or any administrative practice or enforcement policy of the Division with respect to the class of employers to which Defendant belongs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the FLSA for liquidated damages must be dismissed, in whole or in part, pursuant to Section 11 of the Portal-to-Portal Act, because at all times relevant hereto, Defendant acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance with the law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the FLSA and/or NYLL are barred to the extent that their alleged work activities are not compensable under such statutes.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the NYLL for liquidated damages must be dismissed, in whole or in part, because at all times relevant hereto, Defendant acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance with the law.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims in Plaintiffs' Complaint may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs were provided with any and all necessary notices and were properly paid.

Case 1:18-cv-05258-JPO   Document 17   Filed 11/19/18   Page 9 of 12

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively and specifically pleads each and every defense, limitation, and immunity provided under either the FLSA or NYLL, including all affirmative defenses related to Plaintiffs' claims, including but not limited to, those related to NYLL sections 195(1) and (3).

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs' claims are barred by estoppel, waiver, laches, unclean hands, after-acquired evidence, election of remedies, accord and/or satisfaction and are otherwise without merit.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages and/or attorneys' fees, if any, are not recoverable under every cause of action in Plaintiffs' Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

If any of the Plaintiffs suffered any damages as a result of the matters alleged in Plaintiffs' Complaint, such damages were caused in whole or in part by such Plaintiffs' own culpable conduct. Any judgment recovered by any of the Plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in Plaintiffs' Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiffs prevail, their claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

9

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or post-liminary to their principal activities.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant has not willfully failed to pay Plaintiffs any wages and/or monies claims due, and there is a *bona fide*, good faith dispute with respect to Defendant's obligation to pay any sum that may be alleged to be due.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are frivolous and groundless and known to Plaintiffs to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

At all relevant times hereto, Plaintiffs' compensation and notice of wages has been in accordance with each and every provision of the NYLL and regulations, and the defenses and affirmative defenses set forth herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from pursuing their claims in the Southern District of New York because venue is improper, and Plaintiffs' Complaint should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to name or join an indispensable party or parties to the present action, including, but not necessarily limited to, Plaintiffs' actual employer, MC Fabrications Shop, LLC.

### RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES

Defendant hereby reserves the right to amend its Answer and to assert any additional affirmative defenses as the facts and law warrant, including during the trial in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court:

1. Dismiss Plaintiffs' Complaint in its entirety with prejudice;

2. Deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

3. Award Defendant reasonable attorneys' fees and costs incurred in defending against this meritless action; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: Park Ridge, NJ
November 19, 2018

Respectfully submitted,

**KRAKOWER DICHIARA LLC**

By: s/ Todd Krakower
    Todd J. Krakower
77 Market Street, Suite 2
Park Ridge, NJ 07656
T: (201) 746-6333
F: (347) 765-1600

ATTORNEYS FOR DEFENDANTS TRIBECA PEDIATRICS, PLLC, AND MICHEL COHEN A/K/A MICHAEL COHEN

## **CERTIFICATE OF SERVICE**

I hereby certify that November 19, 2018, I caused to be served a true and correct copy of the foregoing upon Plaintiffs' counsel of record, via this Court's electronic filing system.

s/ Todd Krakower
Todd Krakower, Esq.