UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JOSE YUNGA and
PEDRO SANTOS,                                               Case No. 18 Civ. 05258 (JPO)

                        Plaintiffs,
      -vs-                                              **FIRST AMENDED**
                                                  **COMPLAINT**

TRIBECA PEDIATRICS, PLLC,
MC FABRICATIONS SHOP, LLC and
MICHEL COHEN a/k/a MICHAEL COHEN

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiffs, JOSE YUNGA and PEDRO SANTOS, by and through their attorneys, ROSS & ASMAR LLC, as and for a First Amended Complaint, complaining of the above named Defendants, hereby allege as follows:

## THE PARTIES

      1.    Plaintiff JOSE YUNGA, (hereinafter "Yunga") is an individual residing in Yonkers, New York.

      2.    Plaintiff PEDRO SANTOS, (hereinafter "Santos") is an individual residing in Brooklyn, New York.

      3.    Upon information and belief, Defendant TRIBECA PEDIATRICS, PLLC ("Tribeca") was and is a domestic corporation whose principal place of business is located at 11 Park Place, Suite 1200, New York, New York.

      4.    Upon information and belief, Defendant MC FABRICATIONS SHOP, LLC ("Fabrications") was and is a domestic corporation whose principal place of business is located at 11 Park Place, Suite 1200, New York, New York.

      5.    Upon information and belief, Defendant MICHEL COHEN a/k/a MICAHEL

1

COHEN is an individual, whose actual place of business is located at 11 Park Place, Suite 1200, New York, New York 10013.

6. Upon information and belief, at all times herein pertinent, Defendant MICHEL COHEN a/k/a MICHAEL COHEN (hereinafter "Cohen"), served as a principal, officer and/or manager of Defendant Tribeca.

7. Upon information and belief, at all times herein pertinent, Defendant MICHEL COHEN a/k/a MICHAEL COHEN (hereinafter "Cohen"), served as a principal, officer and/or manager of Defendant Fabrications.

8. Upon information and belief, at all times herein pertinent, Defendant Cohen was and is an owner and a member of Tribeca.

9. Upon information and belief, at all times herein pertinent, Defendant Cohen was and is an owner and a member of Fabrications.

10. Upon information and belief, at all times herein pertinent, Defendant Cohen was and is the sole owner and sole member of Tribeca.

11. Upon information and belief, at all times herein pertinent, Defendant Cohen was and is the sole owner and sole member of Fabrications.

12. Upon information and belief, for the calendar year 2012 the gross receipts of Tribeca were greater than $500,000.00.

13. Upon information and belief, for the calendar year 2013 the gross receipts of Tribeca were greater than $500,000.00.

14. Upon information and belief, for the calendar year 2014 the gross receipts of Tribeca were greater than $500,000.00.

15. Upon information and belief, for the calendar year 2015 the gross receipts of Tribeca

were be greater than $500,000.00.

16. Upon information and belief, for the calendar year 2016 the gross receipts of Tribeca were be greater than $500,000.00

17. Upon information and belief, for the calendar year 2017 the gross receipts of Tribeca were be greater than $500,000.00

18. Upon information and belief, for the calendar year 2018 the gross receipts of Tribeca will be greater than $500,000.00.

19. Upon information and belief, for the calendar year 2012 the gross receipts of Fabrications were greater than $500,000.00.

20. Upon information and belief, for the calendar year 2013 the gross receipts of Fabrications were greater than $500,000.00.

21. Upon information and belief, for the calendar year 2014 the gross receipts of Fabrications were greater than $500,000.00.

22. Upon information and belief, for the calendar year 2015 the gross receipts of Fabrications were be greater than $500,000.00.

23. Upon information and belief, for the calendar year 2016 the gross receipts of Fabrications were be greater than $500,000.00

24. Upon information and belief, for the calendar year 2017 the gross receipts of Fabrications were be greater than $500,000.00

25. Upon information and belief, for the calendar year 2018 the gross receipts of Fabrications will be greater than $500,000.00.

26. Tribeca and Fabrications operate as a single entity for the benefit of Defendant Cohen.

## JURISDICTION AND VENUE

27. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

28. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

29. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. § 203.

30. At all times herein pertinent, and in the course of their duties, both Plaintiffs regularly handled products which had been moved in commerce.

31. Tribeca operates several pediatric medical facilities.

32. Fabrications operates several pediatric medical facilities.

33. Fabrications renovates and maintains pediatric medical facilities owned and/or operated by Tribeca.

34. Fabrications renovates and maintains pediatric medical facilities owned and/or operated by Cohen.

35. Tribeca and Fabrications operated as a single enterprise for the purpose of and for the benefit of Cohen's several pediatric medical facilities.

36. Plaintiff Yunga was employed by Defendant Tribeca from 2010 to on or about May 2018.

37. Plaintiff Santos was employed by Defendant Fabrications from 2010 to on or about May 2018.

38. Plaintiff Yunga was assigned various duties including but not limited to construction and and repair at the various facilities owned and operated by Tribeca.

39. Plaintiff Yunga was assigned various duties including but not limited to construction and and repair at the various facilities owned and operated by Fabricaitons.

40. Plaintiff Yunga worked a minimum of 60 hours per week for Defendant Tribeca.

41. Plaintiff Yunga worked a minimum of 60 hours per week for Defendant Fabrications.

42. Plaintiff Yunga was compensated at $23 per hour.

43. Plaintiff Yuga was not an exempt employee under the FLSA.

44. Plaintiff Yunga was paid in cash.

45. Plaintiff Yunga regularly worked for the Defendant Tribeca in excess of forty (40) hours a week but did not receive an overtime premium of one and one half times his regular rate of pay for those hours.

46. Plaintiff Yunga regularly worked for the Defendant Fabrications in excess of forty (40) hours a week but did not receive an overtime premium of one and one half times his regular rate of pay for those hours.

47. Plaintiff Santos was employed by the Defendants from 2010 to on or about May 2018.

48. Plaintiff Santos was assigned various duties including but not limited to construction and and repair at the various facilities owned and operated by Tribeca.

49. Plaintiff Santos worked at a minimum 60 hours per week.

50. Plaintiff Santos was compensated at $25.00 per hour.

51. Plaintiff Santos was not an exempt employee under the FLSA.

52. Plaintiff Santos was paid in cash.

53. Plaintiff Santos regularly worked for the Defendant Tribeca in excess of forty (40) hours a week but did not receive an overtime premium of one and one half times his regular rate of pay for those hours.

54. Plaintiff Santos regularly worked for the Defendant Fabrications in excess of forty (40) hours a week but did not receive an overtime premium of one and one half times his regular rate of pay for those hours.

55. Defendant Cohen had the power to hire employees.

56. Defendant Cohen controlled the terms of Plaintiffs employment in that he would tell them what tasks to complete and on what time frame they needed to be completed.

57. Defendant Cohen controlled the work schedule of all of the employees of Tribeca, including the Plaintiffs' work schedules.

58. The Defendant Cohen controlled the rates and methods of payment of each of the employees of Tribeca, including the Plaintiffs' pay rates and methods of pay.

59. At all times herein pertinent, the Plaintiffs performed their duties for Defendant Tribeca at the direction and under the control of Defendant Cohen.

60. Upon information and belief, and at all times herein pertinent, Defendant Cohen exercised close control over the managerial operations of Tribeca including the policies and practices concerning employees.

61. At all times herein pertinent, Defendant Cohen controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with

respect to the employees of Tribeca in general, and with respect to the Plaintiffs in particular.

62. Defendant Cohen was a principal, officer and/or manager of Tribeca.

63. Defendant Cohen was a principal, officer and/or manager of Fabrications.

64. Defendant Cohen controlled the work schedule of all of the employees of Fabrications. including the Plaintiffs' work schedules.

65. The Defendant Cohen controlled the rates and methods of payment of each of the employees of Fabrications, including the Plaintiffs' pay rates and methods of pay.

66. At all times herein pertinent, the Plaintiffs performed their duties for Defendant Fabrications at the direction and under the control of Defendant Cohen.

67. Upon information and belief, and at all times herein pertinent, Defendant Cohen exercised close control over the managerial operations of Fabrications including the policies and practices concerning employees.

68. At all times herein pertinent, Defendant Cohen controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Fabrications in general, and with respect to the Plaintiffs in particular.

69. Defendant Cohen was a principal, officer and/or manager of Fabrications.

70. At all times herein pertinent, Defendant Cohen acted as Plaintiffs' employer within the meaning of the FLSA and the New York State Labor Law.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

71. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the

same force and effect as if fully set forth at length.

72. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

73. Defendant Tribeca herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rates of pay.

74. Defendant Fabrications herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rates of pay.

75. Defendant Cohen herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rates of pay.

76. Plaintiffs have been damaged in an amount to be determined at trial.

*AS AND FOR A SECOND CAUSE OF ACTION*
*STATE WAGE AND HOUR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
(OVERTIME)

77. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78. Defendant Tribeca herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR § 142-2.2 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rate of pay.

79. Defendant Fabrications herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR § 142-2.2 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rate of pay.

80. Defendant Cohen herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR § 142-2.2 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rate of pay.

81. Plaintiffs have been damaged in an amount to be determined at trial.

<em><u>AS AND FOR A THIRD CAUSE OF ACTION<br>NEW YORK STATE LABOR LAW<br>AGAINST THE DEFENDANTS, AND EACH OF THEM</u></em><br><u>(FAILURE TO PROVIDE WAGE NOTICE)</u>

82. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83. Defendant Tribeca failed to provide wage notices and accurate wage statements to Plaintiffs as required by NYLL § 195.

84. Defendant Fabrications failed to provide wage notices and accurate wage statements to Plaintiffs as required by NYLL § 195.

85. Defendant Cohen failed to provide wage notices and accurate wage statements to Plaintiffs as required by NYLL § 195.

86. Plaintiffs have been damaged in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs pray for judgment as against each of the Defendants, and each of them, as follows:

(a) directing defendants to pay overtime premium pay to the Plaintiffs;
(b) directing defendants to provide the required wage notices;
(c) awarding Plaintiffs damages for the amount of unpaid wages, including overtime premiums under the FLSA and/or NYLL
(d) awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);
(e) declaring defendants' conduct complained of herein to be in violation of the plaintiffs' rights as secured by the NYLL;
(f) awarding plaintiffs pre-judgment interest;
(g) awarding the costs and disbursements of this action, along with reasonable

    attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(h) awarding injunctive and any other relief this Court deems just, proper and equitable.

Dated: New York, New York
       February 6, 2019

                Respectfully submitted,

                */s/ Steven B. Ross*

                _____
                By: Steven B. Ross, Esq. (SR 5059)
                steven@rossasmar.com
                Eric Dawson, Esq. (ED 0610)
                edawson@rossasmar.com
                Ross & Asmar LLC
                499 Seventh Avenue
                23rd Floor South Tower
                New York, NY 10018
                (212) 736-4202